IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

Sami Farraj,                          Case No. 1:15CV2203

           Petitioner

         v.                           **ORDER**

Neil Turner, Warden,

           Respondent

This is a state prisoner's habeas-corpus case under 28 U.S.C. § 2254.

In 2009, petitioner Sami Farraj pleaded guilty in the Common Pleas Court of Cuyahoga County, Ohio to sexual battery, abduction, gross sexual imposition, burglary and theft. (Doc. 8–3 at 1, 6–11). The trial court imposed an agreed-upon ten-year sentence. (*Id.* at 21).

Farraj did not take a direct appeal, but he did launch several collateral attacks on his conviction, all of which the Ohio courts rejected.

In 2014, Farraj sought federal habeas relief. I dismissed the petition without prejudice because Farraj had not exhausted his state-court remedies. *Farraj v. LaRose*, 2015 WL 1188927 (N.D. Ohio). After returning to state court and exhausting his appellate remedies, Farraj filed the present petition. (Doc. 1).

Pending is Magistrate Judge McHargh's Report and Recommendation, which concluded that the petition is untimely under 28 U.S.C. § 2244(d)(1). (Doc. 13).

The Magistrate Judge found that Farraj's judgment of conviction became final on January 11, 2010, when the time to take a direct appeal expired. (*Id.* at 17). Because Farraj did not file his habeas petition by January 11, 2011, and because he did not file a collateral attack in state court before that date, the Magistrate Judge ruled that the petition was untimely under § 2244(d)(1)(A). (*Id.* at 17–18).

The Magistrate Judge rejected Farraj's contention that, because the state trial court did not advise him he could appeal his guilty plea, the limitations period did not start until August, 2013, when Farraj learned about his appellate rights from a fellow prisoner. (Doc. 10 at 10).

First, Magistrate Judge McHargh simply did not credit Farraj's allegation that only in 2013, nearly four years after the guilty plea, did he learn of his right to appeal. (Doc. 13 at 13). Second, he concluded that Farraj was not reasonably diligent in discovering the alleged factual predicate of his claims – i.e., that he had appellate rights about which the trial court did not inform him. (*Id.* at 13–14).

Finally, the Magistrate Judge concluded that Farraj was not entitled to equitable tolling. (*Id.* at 15–16).

Farraj has filed an objection, as well as a slew of motions to amend his petition and to expand the record. (Docs. 11, 20, 22, 23, 28). For the following reasons, I overrule Farraj's objection, adopt the R&R as the order of the court, and deny all of Farraj's pending motions except for the first motion to expand the record.

## Discussion

When a petitioner objects to an R&R, I must "determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3).

2

**A. Timeliness**

Farraj objects to the Magistrate Judge's rulings that he is not entitled to either a later start date under § 2244(d)(1)(D) or equitable tolling.

Under § 2244(d)(1)(D), the limitations period does not start until "the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). The doctrine of equitable tolling, in contrast, pauses the statute of limitations during the period when a prisoner was pursuing his rights diligently, and extraordinary circumstances stood in his way and prevented a timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010).

Farraj argues that he actively pursued his rights after entering the guilty plea. He alleges that he contacted his attorney, Harvey Brunner, in 2010 to obtain transcripts and "other important information pertaining to his case," but his efforts were "to no avail." (Doc. 21 at 3). He also contends that he "always desired to participate in the appellate process," but he did not do so because "the trial court misinformed him of his appellate rights and fail[ed] to notify him of such rights." (*Id.*).

For these reasons, Farraj contends the factual predicate for his claims was not reasonably discoverable until August, 2013.[1]

---

[1] The timeliness of only one of Farraj's claims – that the trial court failed to advise him of his appellate rights, and that his supposed waiver of those rights was involuntary – depends on when Farraj learned of his appellate rights. The factual predicates for the remaining claims (involuntary plea and ineffective assistance of trial counsel based on the failure to depose a key witness, file a motion to suppress, and object to the propriety of the sentence) were available at the time of sentencing. These claims are therefore untimely under § 2244(d)(1)(A), a point that Farraj does not dispute.

I disagree, as a reasonably diligent prisoner in Farraj's shoes would have discovered that he had a right to appeal, if not immediately after entering his plea, then well before Farraj allegedly discovered that right in August, 2013. *DiCenzi v. Rose*, 452 F.3d 465, 470 (6th Cir. 2006).

Most importantly, Farraj had originally pleaded guilty in this case in 2008 and successfully appealed his original conviction and sentence to the Ohio Court of Appeals.

At the first guilty-plea hearing, the prosecutor stated that the parties' plea agreement required the court to sentence Farraj to ten years' imprisonment. (Doc. 8–2 at 32). Nevertheless, the trial court violated that agreement by imposing an additional twenty-four years' imprisonment. (*Id.* at 69). Farraj, through attorney Brunner – the same attorney who would represent him during the second guilty-plea hearing – appealed and obtained a reversal of the plea and sentence. *State v. Farraj*, 2009-Ohio-1796 (Ohio App.).

As Farraj notes, the trial court did not advise him, at the second guilty-plea hearing, of his appellate rights in any detail.

But the court did tell Farraj that "[y]ou are waiving your right to appeal at the present time." (*Id.* at 15–16). When the court asked Farraj, who still had attorney Brunner representing him, whether he understood that, as well as the other terms of the plea agreement, Farraj said, "Yes, sir." (*Id.* at 16).

Farraj alleges that he did not, in fact, waive his appellate rights.

But if that is true, Farraj would have known that what the judge just said was false. Farraj could have cured that error or resolved any uncertainty he might have had simply by speaking up[2]

---

[2] Farraj was not exactly a passive participant in the state-court litigation, as the Magistrate Judge properly observed:

or consulting with attorney Brunner, who had successfully appealed, on Farraj's behalf, the trial court's previous error. *Cf. State v. Farraj*, 2015-Ohio-1298, ¶7 ("Even assuming Farraj did not in fact waive his appellate rights as a consequence of entering into the plea deal, Farraj was aware of the trial court's error in stating that he had waived his appellate rights at the moment of sentencing and should have filed a direct appeal asserting the error.").

In these circumstances, Farraj's failure to discover his appellate rights either at the time of the guilty plea or shortly thereafter was unreasonable. Farraj had previously appealed, he was actively involved in challenging the prosecution's case, and he had the assistance of an attorney who had launched the prior appeal on his behalf.

Accordingly, he is not entitled to a later start date to the limitations period under § 2244(d)(1)(D), and his first claim for habeas relief is time-barred under § 2244(d)(1)(A). For the same reasons, Farraj's objections to the Magistrate Judge's equitable-tolling ruling, which mirror the objections to the § 2244(d)(1)(D) ruling, are meritless.

### B. Farraj's Motions

Farraj has filed two motions to expand the record. (Docs. 11, 23).

The first motion (Doc. 11) seeks to add to the record a copy of Farraj's 2015 motion for leave to file a delayed appeal in the Ohio Supreme Court. As the respondent did not include these materials in the state-court record and has not objected to the request, I grant the motion.

---

> He also had been very involved in all aspects of his case, filing numerous pro se motions, personally requesting and inspecting discovery from the State, and replacing his attorney. He questioned the plea agreement at his first sentencing hearing, and did not hesitate to ask the judge for additional time.

(Doc. 13 at 22).

5

The second motion (Doc. 23) seeks to add a "letter to counsel," but it appears Farraj did not attach that letter to the motion. (Doc. 23 at 2). In any event, the motion came after the Magistrate Judge issued the R&R and does not explain the relevance of the letter. I deny the motion on those grounds.

Farraj has also filed three motions to amend his petition.

The first (Doc. 20) seeks to build on Farraj's equitable-tolling arguments. It focuses on Farraj's efforts to overturn his conviction in 2013 and 2014. By that time, however, Farraj's one-year clock had already expired. Because these events are irrelevant to my disposition of the petition, I deny the motion.

The second and third motions (Doc. 22, 23) seek to add two or three new claims to Farraj's petition.

Farraj did not make a similar request before the Magistrate Judge, however. The motion is therefore untimely, and Farraj has therefore waived his arguments that the proposed amendments are proper. *Murr v. U.S.*, 200 F.3d 895, 902 n.1 (6th Cir. 2000); *Klinger v. Corrs. Corp. of America, Inc.*, 2013 WL 143535, *4 (N.D. Ohio) (Pearson, J.). To the extent the motion simply reargues the merits of claims that Farraj pleaded in the original petition, the arguments are irrelevant given my ruling that the petition is time-barred.

**Conclusion**

It is, therefore,

ORDERED THAT:

1. Farraj's objections to the Report and Recommendation (Doc. 21) be, and the same hereby are, overruled;

2. The Report and Recommendation (Doc. 13) be, and the same hereby is, adopted as the order of the court;

3. Respondent's motion to dismiss the petition for a writ of habeas corpus (Doc. 8) be, and the same hereby is, granted with prejudice;

4. Farraj's first motion for leave to expand the record (Doc. 11) be, and the same hereby is, granted;

5. Farraj's second motion for leave to expand the record (Doc. 23) and his motions for leave to amend the petition (Docs. 20, 22, 28) be, and the same hereby are, denied;

6. No certificate of appealability will issue, as reasonable judges would agree that the petition is untimely; and

7. In accordance with 28 U.S.C. § 1915(a)(3), I certify that an appeal from this decision could not be taken in good faith and will not be allowed without prepayment of the filing fee.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge